**NOT FOR PUBLICATION**

MAR 22 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50043 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00122-RZ-1 |
| v. | |
| GERARD JERRY SNAPP, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ralph Zarefsky, Magistrate Judge, Presiding

Submitted March 10, 2011[**]
Pasadena, California

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Gerard Snapp appeals his conviction for violating 16 U.S.C. § 1538(a)(1)(F),

which makes it unlawful to "sell or offer for sale" an endangered wildlife species.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion by rejecting Snapp's proposed jury instructions and instead choosing not to provide a jury instruction as to the meaning of the term "offer for sale" as used in the Endangered Species Act (ESA). *See United States v. Iverson*, 162 F.3d 1015, 1022 (9th Cir. 1998) ("When a statute does not define a term, we generally interpret that term by employing the ordinary, contemporary, and common meaning of the words that Congress used."); *see also United States v. Somsamouth*, 352 F.3d 1271, 1275 (9th Cir. 2003) ("'[T]he district court need not define common terms that are readily understandable to the jury.'") (quoting *United States v. Shryock*, 342 F.3d 948, 986 (9th Cir. 2003)).

The ESA does not define the term "offer for sale." 16 U.S.C. § 1532. However, the implementing regulations support a broad definition by assuming that most advertisements are "offers for sale" under the Act. *See* 50 C.F.R. § 17.21(f)(2) (explaining that the prohibition on offers for sale excludes advertisements accompanied by a warning that no sale will be consummated until a valid permit is obtained). Moreover, Congress intended the ESA to sweep broadly in eliminating the extinction of endangered species. *See Babbitt v. Sweet Home Chapter of Cmtys. for a Great Oregon*, 515 U.S. 687, 698 (1995) (expansively interpreting ESA terms in light of the statute's "broad purpose" of saving species from extinction); *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 184 (1978) ("The plain

2

intent of Congress in enacting this statute was to halt and reverse the trend toward species extinction, whatever the cost."); *Trout Unlimited v. Lohn*, 559 F.3d 946, 949 (9th Cir. 2009) ("The ESA's 'primary purpose . . . is to prevent animal and plant species endangerment and extinction caused by man's influence on ecosystems, and to return the species to the point where they are viable components of their ecosystems.'") (quoting H.R. Rep. No. 95-1625, at 5 (1978), reprinted in 1978 U.S.C.C.A.N. 9453, 9455) (alteration in original).

Snapp offers no legal support for instructing the jury on the narrower definition of "offer for sale" in the Restatement (Second) of Contracts. The Act reaches a broader range of conduct than the commercial context contemplated by the Restatement. Snapp misrelies on the rule of lenity, which "applies only when there is 'grievous ambiguity or uncertainty in the statute' and when, 'after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended.'" *Iverson*, 162 F.3d at 1025 (quoting *Muscarello v. United States*, 524 U.S. 125, 138 (1998)).

Finally, any error would have been harmless. The government introduced evidence that Snapp listed the elephant skull for sale on Craigslist and communicated with potential buyers in a manner evidencing his intent to complete

a transaction. This evidence was sufficient to support a guilty verdict under Snapp's proposed jury instructions.

**AFFIRMED**.